**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

NICHOLAS SCHIFINO,     )
            )
    Plaintiff,     )
            )
    v.       ) 2: 11-cv-1094
            )
GEICO GENERAL INSURANCE COMPANY, )
a corporation; ALLIED INSURANCE COMPANY,)
and ELECTRIC INSURANCE COMPANY, )
            )
    Defendants.    )

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the MOTION FOR SUMMARY

JUDGMENT, with brief in support, filed by Geico General Insurance Company ("GEICO")

(Document Nos. 32 and 33), the BRIEF IN OPPOSITION filed by Plaintiff Nicholas Schifino

(Document No. 37), the REPLY BRIEF filed by GEICO (Document No. 41), and the SUR-

REPLY BRIEF filed by Plaintiff (Document No. 44). The parties have fully stated their

respective positions regarding the Concise Statement of Material Facts and have submitted

numerous exhibits (Document Nos. 34 and 39). On December 7, 2012, the Court heard oral

argument from counsel. The motion is ripe for disposition.

### PROCEDURAL BACKGROUND

Plaintiff, Nicholas Schifino, initiated this case by the filing of a four-count complaint

against Defendants GEICO, Allied Insurance Company ("Allied"), and Electric Insurance

Company ("Electric") in the Court of Common Pleas of Allegheny County, Pennsylvania.

Plaintiff seeks underinsured motorist ("UIM") benefits under automobile insurance policies

issued by each of the three Defendants. Plaintiff alleges that each of the Defendants has

breached its contractual duties (Counts I, III, and IV) and also alleges that GEICO has engaged

1

in bad faith in violation of 42 Pa. C.S.A. § 8371 (Count II). Defendant GEICO removed the action to this Court on the basis of diversity of citizenship jurisdiction and now moves for summary judgment on Plaintiff's claim for bad faith.

## Facts[1]

On October 26, 2009, Plaintiff was a passenger in a motor vehicle being operated by Jeffrey Derubeis who was insured by GEICO. Mr. Derubeis was in the process of making a left turn, when he brought the vehicle to a stop in order to let a marked police car with its emergency lights and siren activated to pass by safely. At that time, the Derubeis vehicle was rear-ended by a vehicle being driven by Andrew Hurayt.

Plaintiff claims that as a result of the accident he sustained very serious injuries to his neck and back, which required one (1) surgical cervical procedure and two (2) surgical lumbar procedures. It is not disputed that prior to the accident Plaintiff had a long complicated medical history and had a number of surgical procedures including two (2) surgical cervical procedures and one (1) lumbar surgical procedure.

Plaintiff collected the liability limits of Andrew Hurayt's automobile insurance policy from Erie Insurance Co. of $50,000. As a result of exhausting third-party benefits of the tortfeasor's insurance company, Plaintiff asserted a claim to recover the policy limits pursuant to the UIM coverage that was in effect under the automobile insurance contract between Jeffrey Derubeis and defendant GEICO.

On November 5, 2010, Plaintiff, through counsel, made a demand upon GEICO for the limits of the UIM coverage under the policy, specifically $300,000 to settle his UIM claim and forwarded copies of Plaintiff's medical records to assist in the evaluation of his claim. On

---

[1] As only the bad faith claim against GEICO is presently at issue, the Court has limited its recitation of the facts accordingly.

February 18, 2011, GEICO responded with an offer of $10,000, followed by a second offer of $13,000 on March 3, 2011. Thereafter, Plaintiff brought this lawsuit in which he contends that GEICO breached its contract for failing to comply with the valid demand for the policy limits under the UIM coverage and for bad faith, asserting that the manner in which GEICO handled Plaintiff's claim constituted bad faith under 42 Pa. C.S.A. § 8371.

GEICO contends that the Court should grant summary judgment in favor of GEICO as to Plaintiff's claim for bad faith because Plaintiff has failed to adduce any evidence that GEICO acted in bad faith in the handling of his claim for UIM benefits. Obviously, Plaintiff disagrees and contends that summary judgment is not appropriate because genuine issues of material fact exist as to whether GEICO conducted a meaningful investigation and whether its low offers of settlement constitute bad faith. *See Barry v. Ohio Casualty Group*, 2007 WL 128878 at *4 (W.D. Pa. Jan. 12, 2007) ("low-ball offers which bear no reasonable relationship to an insured's actual losses can constitute bad faith within the meaning of § 8371.").

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows: [Summary Judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In interpreting Rule 56(c), the United States Supreme Court has stated:

> The plain language . . . mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to material fact," since a complete failure of

proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

An issue of material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The court must view the facts in a light most favorable to the non-moving party, and the burden of establishing that no genuine issue of material fact exists rests with the movant. *Celotex,* 477 U.S. at 323. The "existence of disputed issues of material fact should be ascertained by resolving all inferences, doubts and issues of credibility against the moving party." *Ely v. Hall's Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978) (quoting *Pittsburgh gage & Supply Co.*, 464 F.2d 870, 874 (3d Cir. 1972)). Final credibility determinations on material issues cannot be made in the context of a motion for summary judgment, nor can the district court weigh the evidence. *Josey v. John R. Hollingsworth Corp*., 996 F.2d 632 (3d Cir. 1993); *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co*., 998 F.2d 1224 (3d Cir. 1993).

When the non-moving party will bear the burden of proof at trial, the moving party's burden can be "discharged by 'showing' - - that is, point out to the District Court - - that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the moving party has carried this burden, the burden shifts to the non-moving party, who cannot rest on the allegations of the pleadings and must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986); *Petruzzi's IGA Supermarkets*, 998 F.2d at 1230. When the non-moving party's evidence in opposition to a properly supported motion for summary judgment is

"merely colorable" or "not significantly probative," the court may grant summary judgment. *Anderson,* 477 U.S. at 249-250.

### DISCUSSION

GEICO asserts that the Court should grant it summary judgment because the evidentiary record does not support Plaintiff's claim of bad faith. Pennsylvania's bad faith statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371. The Pennsylvania Superior Court has held that "the bad faith statute extends to the handling of UIM claims." *Brown v. Progressive Mut. Ins. Co.*, 791 A.2d 378, 381 (Pa. Super. 2002).

The Court of Appeals for the Third Circuit has recognized that "bad faith is actionable regardless of whether it occurs before, during or after litigation . . . [Moreover], using litigation in a bad faith effort to evade a duty owed under a policy would be actionable under Section 8371." *W.V. Realty, Inc. v. Northern Ins. Co.*, 334 F.3d 306, 313 (3d Cir. 2003) (citing *O'Donnell v. Allstate Ins. Co.,* 734 A.2d 901, 906, 908 (Pa. Super. 1999)).

The Pennsylvania Superior Court has stated that:

> To prove bad faith, a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Terletsky v. Prudential Property and Casualty Company*, 427 Pa. Super. 108, 649 A.2d 680, 688 (1999). Bad faith claims are fact specific and

depend on the conduct of the insurer *vis a vis* the insured. *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000).

*Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super.), *appeal denied*, 912 A.2d 838

(Pa. 2006). In that case, the court examined the question of the application of § 8371 to UIM

and uninsured motorists benefit claims (together, "U-claims"):

> Pennsylvania law holds insurers to a duty of good faith and fair dealing toward their insureds, *O'Donnell*, 734 A.2d at 905; *Boneberger*, 791 A.2d at 381, without distinguishing between first party and third party settings . . . . U-claims contain elements of both first party and third party claims. We see no reason, therefore, to impose a different duty on an insurance company in a U-claim setting. While the legal relationship of the parties may change in the context of a U-claim, i.e., become adversarial, the insurer's duty does not change. We hold that, when faced with a U-claim, an insurance company's duty to its insured is one of good faith and fair dealing. It goes without saying that this duty does not allow an insurer to protect its own interests at the expense of the insured's interests. Nor does it require an insurer to sacrifice its own interests by blindly paying each and every claim submitted by an insured in order to avoid a bad faith lawsuit.

*Id.* at 1144-45.

Plaintiff cites numerous alleged actions and inactions of GEICO to support his allegation

that GEICO acted in bad faith. Among these is that while Kathy Carmine, the GEICO claims

representative, testified that she relied on the police report which stated that there was minimal

damage to the vehicles, she never requested any photographs of the vehicles nor did she request

any damage estimates to determine the amount of property damage to the respective vehicles.

Additionally, Plaintiff contends that Ms. Carmine did not consider the following testimony: (i)

that Plaintiff testified that the impact slammed him into the dashboard and that the tortfeasor's

vehicle was travelling at approximately 40 mph at the point of impact; (ii) that Durubeis testified

that his truck was spun 90 degrees by the impact; and (iii) that Hurayt testified that there was

$3,000.00 damage done to his truck.

Furthermore, Plaintiff alleges that Ms. Carmine did not investigate how his pre-existing conditions affected him prior to the accident; did not investigate what the cause of Plaintiff's second surgery was; did not investigate Plaintiff's post-surgery treatment; and failed to have Plaintiff's medical records reviewed by an in-house nurse or independent doctor.

Defendant responds that even if the claims handling could have been improved upon, that does not mean that the claims handling which did occur constitutes bad faith.

Additionally, there is conflicting medical testimony as to whether Plaintiff's post-accident spinal surgeries is related to the accident. It is the opinion of GEICO's expert, J. William Bookwalter, III, M.D., a board certified neurosurgeon, that the accident caused an aggravation of Plaintiff's pre-existing lumbar condition and his current cervical condition is not related to the accident. On the other hand, it is the opinion of Plaintiff's orthopedic surgeon, Patrick N. Smith, M.D., that Plaintiff's post-accident cervical spine surgery "was performed to some degree in order to address the worsening pain that he developed from the motor vehicle accident in 2009." Pl's Br. in Opp'n, Document 37, Exhibit A. Clearly the nature of Plaintiff's injuries is in dispute.

The Court finds that Plaintiff, the non-moving party, has set forth sufficient evidence to show that a reasonable factfinder could find that GEICO acted in bad faith. Therefore, there is a genuine issue of material fact for trial.

## Conclusion

For the reasons aforementioned, the Court finds that Plaintiff has demonstrated that a genuine dispute of material fact exists with respect to his bad faith claim. Accordingly, the Motion for Summary Judgment will be denied. An appropriate order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

NICHOLAS SCHIFINO,                                      )
                                                       )
                    Plaintiff,                         )
                                                       )
          v.                                           )  2: 11-cv-1094
                                                       )
GEICO GENERAL INSURANCE COMPANY,       )
a corporation; ALLIED INSURANCE COMPANY,)
and ELECTRIC INSURANCE COMPANY,        )
                                                       )
                    Defendants.                        )

### ORDER OF COURT

**AND NOW**, this 14th day of December, 2012, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the

Motion for Summary Judgment filed by Geico General Insurance Company is DENIED.

Plaintiff shall file a pretrial narrative statement on **January 4, 2013.**

Defendants shall file a pretrial narrative statement on **January 25, 2013**.

A pretrial conference is scheduled on **February 1, 2013 at 10:15 a.m.** in Courtroom 6C,

6th Floor, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219.  Counsel shall

instruct their clients or principals to attend or be available by telephone to facilitate the amicable

resolution of the litigation.  **Trial counsel must attend.**


                              BY THE COURT:

                              s/ Terrence F. McVerry
                              United States District Court Judge

cc:    Richard C. Levine, Esquire
        Ainsman, Levine & Drexler
        Email: rlevine@aldlawfirm.com

        Joseph A. Hudock , Jr., Esquire
        Summers, McDonnell, Hudock, Guthrie & Skeel
        Email: jhudock@summersmcdonnell.com

        James F. Andrews , Jr., Esquire
        Snyder & Andrews
        Email: Andrewj1@Nationwide.com

        Alan Wolfson, Esquire
        The Chartwell Law Offices, LLP
        Email: awolfson@chartwelllaw.com