# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLAS SCHIFINO,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY *a corporation*, **ALLIED INSURANCE COMPANY** and **ELECTRIC INSURANCE COMPANY**,<br><br>Defendants. | 2:11-cv-1094 |

## MEMORANDUM ORDER

In anticipation of trial, Plaintiff Nicholas Schifino and Defendant Geico General Insurance Company ("Geico") have filed Motions in Limine. The Motions have been fully briefed and are ripe for disposition.

### Geico's Motion in Limine to Preclude
### Proposed Testimony of Stuart Setcavage (ECF No. 69)

Geico requests that the Court preclude Plaintiff's expert witness, Stuart Setcavage, from offering any testimony on the bad faith claim at trial. Geico first argues that the concept of bad faith is readily understandable by a lay person, and therefore, expert testimony is not necessary. Geico alternatively contends that should the Court permit expert testimony, Setcavage's expert report remains objectionable because his opinions are nothing more than legal conclusions unsupported by any specialized knowledge and are only based on his personal interpretation of the law and insurance industry standards. Moreover, Geico also objects to the anticipated testimony of Setcavage based on its expectation that he will opine on the ultimate issue and usurp the jury's function.

Plaintiff opposes this motion in its entirety. Relying principally on the analysis set forth in *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F. Supp. 2d 417 (W.D. Pa. 2006), Plaintiff argues that the testimony of Setcavage would assist the jury in understanding whether Geico complied with insurance statutes and regulations, industry standards, claims adjusting procedures, and other related matters. Plaintiff also attempts to distinguish *Smith v. Allstate Ins. Co.*, 3:11-CV-165, 2012 WL 5463099 (W.D. Pa. Nov. 8, 2012), offering little beyond his observation that those two cases are apparently in tension. Responding to Geico's alternative argument, Plaintiff recounts the apparent industry expertise of Setcavage and the many conclusions offered in his expert report.

The Court certainly has concerns about many of the legal conclusions in Setcavage's expert report and the bases upon which they were reached, but it need not definitively rule on that issue. *C.f. Gallatin Fuels, Inc.*, 410 F. Supp. 2d at 422 ("Although expert testimony may be helpful to the fact-finder in a bad faith case, an expert may not give an opinion as to the ultimate legal conclusion that an insurer acted in 'bad faith' in violation of applicable law.") (citation omitted). For the reasons that follow, the Court instead concludes that expert testimony is not necessary in this case.

The Court finds the well-reasoned analysis in *Smith* instructive. *See* 2012 WL 5463099, at \*\*6-9. In that case, the district court set forth the following standard for admitting expert testimony in bad faith claims:

> With respect to [the insurance company's] first contention—that the issue on which [the expert witness] will testify is neither complex nor scientific and does not require specialized skill or knowledge to discern—the Court finds that [the expert witness's] testimony is "not excludable simply because he proposes to testify with respect to Plaintiff's bad faith claims." *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.*, 410 F.Supp.2d 417, 421 (W.D. Pa.2006). Although expert testimony is not required to prove an insured's bad faith claim in an action against an insurer, *see, e.g., Bergman v. United Servs. Auto. Ass'n*, 742 A.2d

2

> 1101, 1109 (Pa.Super.1999); *Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 382 (Pa. Super. 2002), such testimony may be admitted if it is helpful to the trier of fact and is otherwise admissible. *Gallatin Fuels*, 410 F.Supp.2d at 421; *see Bonenberger*, 791 A.2d at 382. The admission of expert testimony in bad faith insurance actions rests within the sound discretion of the trial court. *Bonenberger*, 791 A.2d. at 382 (citing *Bergman*, 742 A.2d at 1108-09).

*Smith*, 2012 WL 5463099, at *6. *See McCrink v. Peoples Benefit Life Ins. Co.*, 2:04-CV-01068-LDD, 2005 WL 730688, at *4 (E.D. Pa. Mar. 29, 2005) ("However, under Pennsylvania law, expert testimony is permitted when deemed relevant, such as in claims involving complex or highly technical insurance issues.") (citation omitted). Applying those standards, the court concluded that the issues on which the expert was to testify—Allstate's claim handling procedures, its insurance industry practices and standards, the Pennsylvania Unfair Insurance Practices Act ("UIPA") and its compliance with each—were neither particularly complex nor scientific such that an expert was necessary. *Smith*, 2012 WL 5463099, at *6 *Smith*, 2012 WL 5463099, at *6. For the sake of completeness, the *Smith* Court also concluded that the expert's interpretation and application of the UIPA was inappropriate testimony and that his personal interpretations of the law are outside the scope of expert testimony.[1] *See id.* at **6-8.

Much like that case, the Courts exercises its discretion and finds that the concept of bad faith is within the ken of the average layperson such that expert testimony is not necessary in this matter. A reasonable juror certainly possesses the requisite knowledge to assess the bad faith allegation, which is equally neither particularly complex nor scientific. Rather, that claim involves whether GEICO has a reasonable basis for the manner in which it handled Plaintiff's claim, an issue within the province of the jury as its role as factfinder. Accordingly, Geico's

---

[1]. The Court notes that the analysis set forth in *Smith* on these issues applies with equal force to the challenged expert report in this case. *See, e.g.*, Expert Rep. of Setcavage, ECF No. 69-1 at 7 (interpreting Pennsylvania statutes and making legal conclusions).

motion is **GRANTED**, and the Court hereby precludes any expert witness testimony from Stuart Setcavage.

### Plaintiff's Motion in Limine to Preclude Proposed Testimony of David Obermeier, Esquire (ECF No. 76)

Plaintiff likewise seeks to preclude Geico's expert witness, David Obermeier, Esq., from testifying in this matter. For the reasons set forth above, Plaintiff's motion is **GRANTED**, and the Court hereby bars any expert witness testimony from Mr. Obermeier.

### Plaintiff's Motion in Limine to Preclude Evidence of Substance Abuse (ECF No. 72)

Plaintiff also moves for the Court to preclude Geico from introducing any evidence of his previous alcoholism diagnosis and/or his prior drug use. The evidence regarding this issue was discovered during the deposition of Plaintiff in which he admitted (1) that he was diagnosed as an alcoholic "when he was a kid," but he has not consumed any alcohol in over twenty years; and (2) that he tried cocaine "a couple of times" when "he was younger," but he does not recall how often he used it or the last occasion on which he "tried" the drug. ECF No. 72-1 at 1-3. Plaintiff now argues that "[t]his evidence falls far short of establishing a chronic drug problem that would impact on [his] life expectancy," apparently the applicable standard for the admissibility of such evidence. ECF No. 73 at 2 (citing *Kraus v. Taylor*, 710 A.2d 1142 (Pa. Super. Ct. 1998)). To the Plaintiff, admitting this "vague" evidence absent a showing of chronic abuse would be highly prejudicial. *Id.* at 2-3.

Geico opposes this motion on numerous grounds. First, Geico disputes that *Kraus* requires a showing of *chronic* drug and/or alcohol use. Second, Geico highlights a medical report that reflects fairly recent and serious drug use, perhaps calling into question Plaintiff's testimony on his past drug use. Third, Geico acknowledges that admitting evidence of Plaintiff's

previous drug use is prejudicial but argues that "any prejudice is outweighed by the fact that individuals with such a history may have shorter lifespans than the average person." ECF No. 78 at 3. Geico's proposed alternative to exclusion is that the Court "should allow the evidence with a cautionary instruction it is for the limited purpose of challenging Plaintiff's life expectancy and permit the jury to assign the weight to it that they deem proper." *Id.*

The Federal Rules of Evidence deem evidence relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Unless it is otherwise excluded by the United States Constitution, a federal statute, another federal rule, or any other rule prescribed by the Supreme Court, relevant evidence is admissible. Fed. R. Evid. 402. District Courts may, however, exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Applying these standards, district courts have admitted evidence of prior drug and alcohol abuse when a plaintiff claims damages for permanent injury because such cases "'require[ ] the jury to evaluate the claimant's life expectancy.'" *See Gfroehrer v. Calice*, 3:09-CV-2111, 2011 WL 5320712 (M.D. Pa. Nov. 1, 2011) (quoting *Kraus v. Taylor*, 710 A.2d 1142, 1144 (Pa. Super. 1998)). Indeed, "'[e]vidence of [a plaintiff's] chronic drug and alcohol abuse strongly suggests that his life expectancy deviates from the average.'" *Id.* at *3 (quoting *Kraus*, 710 A.2d at 1144.

Here, the dearth of evidence on either side of this issue prevents the Court from issuing a ruling at this juncture. While Plaintiff's own deposition testimony recounts his alcoholism diagnosis twenty years ago and his sobriety since that time, he also admits more recent cocaine

5

use. Contrary to his narrative, record evidence also indicates that Plaintiff may have overdosed on numerous narcotics just three years ago. Should Geico lay the proper foundation at trial—by adequately demonstrating recent chronic drug abuse—the Court would be inclined to admit that evidence. Accordingly, a ruling on this motion is hereby **DEFERRED** until properly raised at trial.

### Plaintiff's Motion in Limine Regarding Criminal Convictions of Jeffrey Derubeis (ECF No. 74)

Plaintiff also seeks to exclude evidence of two prior criminal convictions of Jeffrey Derubeis, the driver of the automobile in which Schifino was a guest passenger when the motor vehicle accident occurred. Without objection from Geico, Plaintiff's motion is **GRANTED**. Defendant is hereby barred from introducing evidence of either of Derubeis' criminal convictions.

**SO ORDERED** this 31st day of May, 2013.

BY THE COURT:
s/Terrence F. McVerry
United States District Judge

cc: Counsel of Record.